IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP PLEVIN and TERESITA TORRES,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO and S.A. NAVARRO,<br><br>    Defendants.<br>_____ / | No. C 11-02359 CW<br><br>ORDER GRANTING DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S MOTION TO DISMISS, DENYING AS MOOT DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANTI-SLAPP MOTION TO STRIKE AND DENYING WITHOUT PREJUDICE DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANTI-SLAPP MOTION FOR ATTORNEYS' FEES (Docket Nos. 13 and 16) |

Plaintiffs Phillip Plevin and Teresita Torres bring claims under federal and state law against Defendants City and County of San Francisco and S.A. Navarro based on alleged violations of their constitutional rights. The City moves to dismiss Plaintiffs' claims. Additionally, pursuant to California Code of Civil Procedure section 425.16, commonly known as California's anti-Strategic Lawsuit Against Public Participation (anti-SLAPP) statute, the City moves to strike Plaintiffs' state law claims. Navarro has not appeared in this action and it appears that he has not been served. The motions were taken under submission on the papers. Having considered the papers submitted by the parties, the

1 Court GRANTS the City's motion to dismiss, DENIES as moot the
2 City's anti-SLAPP motion to strike and DENIES without prejudice the
3 City's anti-SLAPP motion for attorneys' fees.

## BACKGROUND

The following allegations are contained in Plaintiffs' complaint, unless stated otherwise.[1]

On December 18, 2009, a hit-and-run driver collided with Plaintiffs, who were riding a motorcycle. Navarro, the responding police officer, "failed to record information identifying" the driver in order to prevent Plaintiffs from seeking redress for their injuries. Compl. at 4. He did so because Plevin wore "clothing identifying him as a member of a motorcycle club." Id. at 5. The City has "a policy to persecute, harass, and intimidate citizens who are members of a motorcycle club." Id. at 4.

Plaintiffs charge Defendants with negligence, "intentional tort," violation of California Civil Code section 52.3 and violation of 42 U.S.C. section 1983. Plaintiffs contend that Defendants violated their First, Fourth and Fourteenth Amendment rights under the United States Constitution.

As noted above, Navarro has not appeared in this action, and the City contends that he has not been served. Plaintiffs offer proof that they served Officer R. Ortiz, who they contend is a

---

[1] In their opposition to the City's motion to dismiss, Plaintiffs discuss various allegations they would make in an amended complaint. They also include declarations along with their opposition to the City's anti-SLAPP motion. Because these allegations do not appear in an amended pleading, the Court disregards them for the purposes of the City's motion to dismiss. Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

2

"Court Liaison" authorized to accept service on behalf of Navarro. Navarro states that Ortiz "is not now and has never been authorized by me to act as my authorized agent to accept service of summons for a civil complaint in which I am a defendant." Navarro Decl. in Support of Mot. to Strike ¶ 4.

## DISCUSSION

### I. Motion to Dismiss

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment

3

1 would be futile, the court examines whether the complaint could be
2 amended to cure the defect requiring dismissal "without
3 contradicting any of the allegations of [the] original complaint."
4 Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).
5 Leave to amend should be liberally granted, but an amended
6 complaint cannot allege facts inconsistent with the challenged
7 pleading. Id. at 296-97.

8 Plaintiffs indicate that, in any amended pleading, they do not
9 intend to assert state law claims. Accordingly, the Court need not
10 decide whether Plaintiffs sufficiently allege the state law claims
11 in their complaint.

12 Plaintiffs' Monell claim fails. A municipality may be liable
13 under section 1983 when the enforcement of a municipal policy or
14 custom was the moving force behind the violation of a
15 constitutionally protected right. Monell v. Dep't of Social
16 Servs., 436 U.S. 658, 663-64 (1978). To state a claim under
17 Monell, a plaintiff must plead "a constitutional right violation
18 resulting from (1) an employee acting pursuant to an expressly
19 adopted official policy; (2) an employee acting pursuant to a
20 longstanding practice or custom; or (3) an employee acting as a
21 final policymaker." Delia v. City of Rialto, 621 F.3d 1069, 1081-
22 82 (9th Cir. 2010) (citation and internal quotation marks omitted).
23 As explained further below, with one exception, Plaintiffs do not
24 allege cognizable violations of their constitutional rights. Even
25 if they plead violations, their Monell claim would nevertheless
26 fail because they do not allege a factual basis for their assertion
27 that Navarro was acting pursuant to a policy expressly adopted by

28                                   4

1 the City or a longstanding practice or custom.

### A. Violation of First Amendment Rights

Plaintiffs contend that Navarro violated their First Amendment rights to freedom of association and to petition by failing to record the license plate number of the driver's vehicle.

The First Amendment protects a right to freedom of expressive association.[2] Villegas v. City of Gilroy, 484 F.3d 1136, 1141 (9th Cir. 2007) (citing Roberts v. U.S. Jaycees, 468 U.S. 609, 617-18 (1984)). To assert a claim for infringement of this right, a plaintiff must be part of a group that engages "'in some form of expression, whether it be public or private.'" Villegas, 484 F.3d at 1141 (quoting Boy Scouts of Am. v. Dale, 530 U.S. 640, 648 (2000)). Such expressive activities are those "'explicitly stated in the amendment: speaking, worshiping, and petitioning the government.'" Villegas, 484 F.3d at 1142 (quoting IDK, Inc. v. Clark Cnty., 836 F.3d 1185, 1192 (9th Cir. 1988)). Here, Plaintiffs have not plead any facts regarding the motorcycle club of which Plevin is a member. They do not suggest that it engages in any activity explicitly enumerated in the First Amendment. Thus, their freedom-of-association theory fails.

The First Amendment also protects the "right of meaningful

---

[2] Plaintiffs do not state whether their First Amendment theory concerns their rights to intimate or expressive association. See Freeman v. City of Santa Ana, 68 F.3d 1180, 1188 (9th Cir. 1995) (explaining First Amendment's protection of "certain intimate relationships" and the "right to associate for the purpose of engaging in those expressive activities otherwise protected by the Constitution"). Plaintiffs, however, do not allege facts or make arguments that implicate their First Amendment right to intimate association.

5

access to the courts." <u>Delew v. Wagner</u>, 143 F.3d 1219, 1222 (9th Cir. 1998). This right may be infringed if police conduct "effectively covers-up evidence and actually renders any state court remedies ineffective." <u>Id.</u> (citing <u>Swekel v. City of River Rouge</u>, 119 F.3d 1259, 1262 (6th Cir. 1997)). Plaintiffs contend that Navarro had information identifying the driver who hit them, but failed to record it. This allegation suggests a constitutional violation because it indicates that Navarro prevented Plaintiffs from obtaining evidence that he had, which precluded them from seeking relief in state court against the driver. However, Plaintiffs do not plead facts to support their claim that Navarro did this pursuant to an official policy or practice. As a result, although Plaintiffs state an individual section 1983 claim against Navarro, they do not state a <u>Monell</u> claim against the City based on this ground.

For these reasons, Plaintiffs' <u>Monell</u> claim against the City is dismissed to the extent it rests on a violation of their First Amendment rights.

B.   Violation of Fourth Amendment Rights

The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const., Amend. IV. Plaintiffs do not allege in their complaint that Navarro committed any conduct falling within the scope of Fourth Amendment protections. In their opposition, they argue that Navarro violated the Fourth Amendment by attempting to take Plevin's jacket "as a trophy." Opp'n at 16:14. Even if this were alleged in their complaint, it would not be sufficient to state a Fourth Amendment claim for an unreasonable

6

seizure. Plaintiffs do not suggest that Navarro meaningfully interfered with Plevin's possessory interests in his jacket. See United States v. Jefferson, 566 F.3d 928, 933 (9th Cir. 2009). Further, there is no indication that Torres had a possessory interest in the jacket on which she could base a Fourth Amendment claim against Defendants.

Consequently, Plaintiffs' Monell claim against the City is dismissed to the extent it rests on a violation of their Fourth Amendment rights.

C.   Violation of Fourteenth Amendment Rights

Plaintiffs assert that Navarro infringed their Fourteenth Amendment rights to equal protection and due process.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)). To state a claim for relief under the Equal Protection Clause, a plaintiff "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998). Plaintiffs do not allege sufficient facts to support their assertion that, pursuant to an official policy or practice, Navarro discriminated against them because of their membership in a motorcycle club. Nor do Plaintiffs plead that they were not treated the same as similarly-

7

situated individuals. Further, because they do not allege that they are members of a suspect class, they must plead facts demonstrating that Navarro's conduct was without a rational basis. See Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 907 (9th Cir. 2007). They do not do so.

Plaintiffs' due process theory appears to have two grounds. To the extent that Plaintiffs' claim under the Fourteenth Amendment's Due Process Clause is based on the abridgement of their fundamental right to access to the courts, it is subsumed under their First Amendment claim for the infringement of this right. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). As explained above, although they state a claim against Navarro for violation of this right, they fail to state a Monell claim against the City on this ground because they do not plead facts showing that Navarro acted pursuant to an official policy or practice. Plaintiffs' theory of liability based on the alleged deprivation of their property interest in a potential lawsuit against the driver fails because "a party's property right in any cause of action does not vest 'until a final unreviewable judgment is obtained.'" Ileto v. Glock, Inc., 421 F. Supp. 2d 1274, 1299 (C.D. Cal. 2006) (quoting In re Consol. U.S. Atmospheric Testing Litig., 820 F.2d 982, 989 (9th Cir. 1987)).

Accordingly, Plaintiffs' Monell claim against the City is dismissed to the extent it rests on a violation of their Fourteenth Amendment rights.

II. Anti-SLAPP Motion to Strike

California's anti-SLAPP statute provides,

8

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Civ. Proc. Code § 425.16(b)(1). California anti-SLAPP motions to strike are available to litigants proceeding in federal court. Thomas v. Fry's Elecs., Inc., 400 F.3d 1206, 1206 (9th Cir. 2005).

Courts analyze these motions in two steps. "First, the defendant must make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech." Mindys Cosmetics, Inc. v. Dakar, 611 F.3d 590, 595 (9th Cir. 2010) (citation and internal quotation marks omitted). "Second, once the defendant has made a prima facie showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims." Id.

Generally, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c); see also Bernardo v. Planned Parenthood Fed. of Am., 115 Cal. App. 4th 322, 360-367 (2004) (explaining policy behind mandatory fees and costs provision of anti-SLAPP statute). A defendant may be deemed a prevailing party entitled to attorneys' fees, even if a plaintiff voluntarily dismisses the claims that were subject to an anti-SLAPP motion to strike. See Coltrain v. Shewalter, 66 Cal. App. 4th 94, 107 (1998); Clear Channel Outdoor, Inc. v. Lee, 2009 WL 57110, at *1-*2 (N.D. Cal.); Pandora Jewelry, LLC v. Bello Paradiso, LLC, 2009 WL

9

1953468, at *3-*4 (E.D. Cal.). In determining whether to exercise their discretion to deem a defendant a prevailing party, courts must consider the "critical issue" of "which party realized its objectives in the litigation." Coltrain, 66 Cal. App. 4th at 107. A plaintiff "may try to show it actually dismissed because it had substantially achieved its goals through a settlement or other means, because the defendant was insolvent, or for other reasons unrelated to the probability of success on the merits." Id.

The City's anti-SLAPP motion to strike is directed solely at Plaintiffs' state law claims. As noted above, Plaintiffs do not intend to assert these claims in an amended complaint, and the City's motion to strike them is denied as moot. The City, however, may seek attorneys' fees under the anti-SLAPP statute.

Accordingly, the City's anti-SLAPP motion for attorneys' fees is DENIED without prejudice. The City may move for attorneys' fees under the statute after judgment enters. Civil L.R. 54-5(a).

## CONCLUSION

For the foregoing reasons, the Court GRANTS the City's motion to dismiss (Docket No. 13), DENIES as moot the City's anti-SLAPP motion to strike and DENIES without prejudice the City's anti-SLAPP motion for attorneys' fees (Docket No. 16). Plaintiffs' Monell claim against the City is dismissed with leave to amend. Except for Navarro's purported infringement of their right to access to the courts, Plaintiffs do not plead facts suggesting that their other constitutional rights were violated. If they intend to assert a Monell claim against the City, Plaintiffs must plead factual bases for the alleged violations of their constitutional

rights and the existence of an official policy or longstanding practice that led to these violations.

If Plaintiffs intend to file an amended complaint, they shall do so within fourteen days of the date of this Order and serve it on Navarro by September 9, 2011. Fed. R. Civ. P. 4(m). Defendants shall answer or otherwise respond to Plaintiffs' amended complaint within twenty-one days of the date they serve Navarro. If counsel for the City ultimately represents Navarro, any motion to dismiss by the City and Navarro shall be filed jointly. Any motion to dismiss will be taken under submission on the papers.

The case management conference, presently set for August 23, 2011, is continued to October 18, 2011 at 2:00 p.m.

IT IS SO ORDERED.

Dated: 7/29/2011

CLAUDIA WILKEN
United States District Judge

11