1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  CHERYL ADAMS, State Bar #164194
   Chief Trial Deputy
3  WARREN METLITZKY, State Bar #220758
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3916
6  Facsimile:    (415) 554-3837
   E-Mail:       warren.metlitzky@sfgov.org

8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| PHILLIP PLEVIN, TERESITA TORRES, | Case No. 11-cv-2359 MEJ |
|---|---|
| Plaintiffs, | **DEFENDANTS' ADMINISTRATIVE REQUEST FOR NINE-DAY CONTINUANCE OF DEADLINE FOR FILING MOTION FOR ATTORNEY FEES AND BILL OF COSTS** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO; S. A. NAVARRO and Does 1-25, inclusive | |
| Defendants. | |

Defendants Officer Shawn Navarro and City and County of San Francisco request a short nine-day continuance of the deadline to file their motion for attorneys fees and bill of costs. Civ. L.R. 6-3 & 54-5. Defendants' motion is based on plaintiffs' agreement to stipulate to extend the deadline, followed by plaintiffs' subsequent refusal to comply with the parties' agreement.

## BACKGROUND

**Judgment entered while defense counsel was on vacation**. Defense counsel was on vacation from November 30 to December 17.[1]  Metlitzky Decl. ¶ 3.  During counsel's vacation, on December 4, 2012, the Court granted defendants' motion for summary judgment in its entirety and entered judgment in favor of defendants.  Docket Nos. 68-69.  Based on the date of entry of judgment, defendants' motion for attorneys fees was due on December 18, 2012.  *See* Civ. L. R. 54-5.

**Defendants proposed extension of time to file their fees motion**.  Upon learning of the grant of summary judgment, defense counsel instructed his assistant to contact plaintiffs' counsel, William Weiss, to propose an extension of time to file defendants' motion.  Metlitzky Decl. ¶5.  The proposed extension—from December 18 to December 27, 2012—was intended to allow defense counsel sufficient time to draft defendants' motion after returning from vacation.  Metlitzky Decl. ¶6.  It would move plaintiffs' opposition due date from January 2 (right after the holidays) to January 10, 2013.  Metlitzky Decl. ¶6.  Anita Murdock, defense counsel's assistant, spoke with plaintiffs' counsel on Monday, December 10 regarding the proposed briefing schedule.  Murdock Decl. ¶3.

**Plaintiffs agreed to an extension of time**.  Mr. Weiss agreed to a briefing schedule based on a filing date of December 27, 2012.  Murdock Decl. ¶5.  Mr. Weiss requested that defendants prepare the stipulation and even later followed up to ensure that the stipulation was forwarded.  Murdock Decl. ¶7 & Ex. A.  Had plaintiff not agreed, defense counsel intended to cut short his vacation, immediately file an administrative motion requesting additional time and begin scrambling to prepare his motion.  Metlitzky Decl. ¶8.

**Defense counsel relied on plaintiffs' agreement**.  Based on plaintiffs' agreement to stipulate to a continuance of the filing date of the motion, defense counsel aborted his plan to return early from his vacation on Tuesday, December 11.  Metlitzky ¶9.  At no point from Monday December 10 until Thursday, December 13 did Mr. Weiss attempt to contact defendants to indicate that plaintiffs' would not execute the stipulation consistent with the parties' agreement.  Metlitzky Decl. ¶10.

---

[1] Defense counsel planned to be out of the office for two weeks but returned on Thursday, December 13 because of a scheduled meet and confer conference in this case.

**Plaintiff reneged on the agreement to extend time**. On December 13, 2012, defense counsel returned early from vacation in order to prepare for and participate in a meet and confer conference with Mr. Weiss regarding defendants' bill of costs and fees motion. Metlitzky Decl. ¶11. During that telephone call (which took place at 2:45 P.M., a short time after defense counsel first returned from vacation), Mr. Weiss first indicated that he would not execute the stipulation consistent with the parties' agreement. Metlitzky Decl. ¶12. Defense counsel called back and asked Mr. Weiss to reconsider his refusal to execute the stipulation and explained that defense counsel had relied on Mr. Weiss' agreement to stipulate to an extension. Metlitzky Decl. ¶13. Mr. Weiss refused to comply with his prior agreement. Metlitzky Decl. ¶13. Defense counsel reiterated his request in writing, but received no response. Metlitzky Decl. Ex. 14 & ¶A. This motion followed.

## DISCUSSION

Defendants request a nine-day extension of the deadline for defendants to file their bill of costs and motion for attorneys' fees from December 18, 2012 to December 27, 2012.

Good cause exists to grant an extension of time. Defense counsel was on vacation when judgment was first entered on December 4, and unable to seek an extension. Upon learning of the judgment, defense counsel promptly—through his assistant—obtained plaintiffs' agreement to stipulate to continue the filing date for defendants' bill of costs and motion for attorneys' fees from December 18 to December 27. It was only when defense counsel called plaintiffs' counsel (within hours of returning to the office) that Mr. Weiss informed defense counsel that plaintiffs were reneging on their prior agreement.

Plaintiffs will suffer no prejudice from an extension. Defendants simply request that the Court order that plaintiffs comply with their agreement to extend the briefing schedule by nine days. Even with that revised schedule, defendants will *still* have less time to prepare their motion and bill of costs (thirteen days, including Christmas) than if defense counsel had not been on vacation and began working on the motion from the date of judgment (fourteen days). Plaintiffs will have the same amount of time for their opposition, with the added benefit of not having to file their opposition on January 2, immediately after the New Year holiday.

1  Without an extension, defendants will suffer significant prejudice.  Defendants cannot reasonably prepare their motion in three court days, particularly considering the extent of the anticipated motion for attorneys' fees.  Metlitzky Decl.  ¶16.  Defendants need time in order to review three years of time billing (totaling more than 550 hours), and prepare documentation—including declarations with deposition testimony and extensive correspondence between counsel—in order to demonstrate that:  (a) plaintiffs' case lacked merit from inception: (b) plaintiffs continued to pursue this litigation without any factual basis to do so; (c) plaintiffs ignored defendants' repeated requests that plaintiffs dismiss the action; (d) plaintiffs' forced defendants to bring an extensive and costly summary judgment knowing that plaintiffs had no evidence to substantiate their claims.  Defendants simply cannot accomplish this task in three Court days.

Finally, defendants moved for an extension as soon as possible.  Upon learning of the entry of judgment, defense counsel immediately obtained an extension from plaintiffs.  Then, within hours of returning to work on the afternoon of Thursday, December 13, defendants contacted plaintiffs and learned that plaintiffs' counsel was reneging on the parties' agreement.  Counsel immediately began preparing this administrative motion, which was filed the next morning, on Friday, December 14.

There have been no prior extensions of time to file the bill of costs and motion for attorneys' fees, and an extension will not affect any of the other deadlines in this case.  Metlitzky Decl. ¶19.

**CONCLUSION**

For the foregoing reasons, defendants request that the Court extend the time for defendants to file their motion for attorneys fees and bill of costs from December 18, 2012 to December 27, 2012, with a hearing on January 31, 2013 or as soon thereafter as is convenient for the Court.

Dated:  December 14, 2012

DENNIS J. HERRERA
City Attorney
CHERYL ADAMS
Chief Trial Deputy
WARREN METLITZKY
Deputy City Attorney

By:      */s/ Warren Metlitzky*
         WARREN METLITZKY

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, ET AL.